UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


2509 Hayes, LLC,                                    Case No. 3:19-cv-1541

        Plaintiff

    v.                                              MEMORANDUM OPINION
                                                    AND ORDER

Kyklos Bearing International, LLC, et al.,

        Defendants


On July 8, 2019, Defendant American Axle & Manufacturing Holdings, Inc. ("AAM Holdings") removed this diversity action from the Erie County, Ohio Court of Common Pleas. (Doc. No. 1). AAM Holdings then moved to dismiss this action for lack of subject matter jurisdiction. (Doc. No. 4). Defendant Kyklos Bearing International LLC ("KBI") also filed a motion to dismiss certain claims. (Doc. No. 6).

After these motions were filed, Plaintiff 2509 Hayes, LLC filed an Amended Complaint. (Doc. No. 11). KBI then filed a motion to dismiss certain claims of the Amended Complaint. (Doc. No. 16). Defendants AAM Holdings and American Axle & Manufacturing, Inc. ("AAM") filed motions to dismiss the Amended Complaint for lack of subject matter jurisdiction and failure to state a claim. (Doc. Nos. 17 & 18). Plaintiff filed a consolidated memorandum in opposition to Defendants' motions to amend. (Doc. No. 20). KBI filed a reply in support of its motion to dismiss, (Doc. No. 21), and AAM and AAM Holdings filed a joint reply in support of their motions to dismiss. (Doc. No. 22).

In light of the Amended Complaint, I hereby deny as moot Defendants' motions to dismiss filed before the Amended Complaint. (Doc. Nos. 4 & 6). Before I may consider the remaining pending motions, I must first verify this diversity action was properly removed.

Removal is proper only if the district court has original jurisdiction over the case. 28 U.S.C. § 1441(a). In removing this case, AAM Holdings asserted I had original diversity jurisdiction. (Doc. No. 1). To satisfy the diversity requirements of diversity jurisdiction here, the dispute must be between citizens of different states. 28 U.S.C. § 1332(a)(1). "[A] limited liability company has the citizenship of each of its members." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009)

In the notice of removal, AAM Holdings stated it and KBI were each citizens of both Delaware and Michigan. (Doc. No. 1 at 2-3). AAM Holdings also represented "upon information and belief" that Plaintiff was a citizen of Illinois. (*Id.* at 3). In the Amended Complaint, Plaintiff makes no mention on Illinois citizenship or the citizenship of its members. Instead, Plaintiff only alleges it is "a Delaware corporation registered in the state of Ohio as a Foreign Limited Liability Company." (Doc. No. 11 at 1).

Because Plaintiff is an LLC, the citizenship of its members must be known to determine its citizenship. Therefore, to maintain this action in federal court, Plaintiff must verify its members are not citizens of Delaware or Michigan. Plaintiff is given leave and directed to amend its complaint by April 20, 2020, to include identification of the citizenship of all members of the LLC as discussed above. If the parties are not diverse, I lack jurisdiction and must remand the matter to state court. *See* 28 U.S.C. § 1447(c).

So Ordered.

                                        s/ Jeffrey J. Helmick
                                        United States District Judge